Rosa L. DeMers v. Commissioner. *
Rosa L. DeMers v. Commissioner
Docket No. 8223.
United States Tax Court
1947 Tax Ct. Memo LEXIS 274; 6 T.C.M. (CCH) 286; T.C.M. (RIA) 47064; March 10, 1947
*274 Gain or loss - Basis and rate of depreciation for certain improved real properties determined. M. A. Matlock, Esq., for the petitioner. Stanley B. Anderson, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion TYSON, Judge: This proceeding involves the calendar years 1942 and 1943. The amount of the deficiency in income tax as determined by respondent for 1942 is not clearly shown by the record; however, at the hearing, the parties stipulated that "petitioner had no net income subject to tax for the year 1942", and accordingly, there is no deficiency for that year. For the year 1943, respondent determined a deficiency of $823.47 in income and victory tax and he also asserted a 50 per cent fraud penalty and a penalty for failure to file a timely declaration of estimated tax for that year. The respondent concedes that, in view of the stipulation as to 1942 there should be eliminated from the computation of petitioner's 1943 tax liability the amount of $30.11 now included therein as the unforgiven portion of petitioner's 1942 tax liability. At the hearing the parties stipulated that for the year 1943 the petitioner's income from interest *275 and from rents as determined in the deficiency notice should be increased by the amounts of $126.89 additional interest and $917 additional rents. Effect to the concession and stipulation will be given under Rule 50. At the hearing and by agreement of petitioner, respondent filed an amended answer wherein, inter alia, he made claim for the amount, if any, of the increased deficiency in tax for 1943 as may be shown to be due by the recomputation under Rule 50. The respondent has abandoned claim for the fifty per cent fraud penalties asserted for 1943. The sole remaining issue for the taxable year 1943 is the amount of petitioner's longterm capital gain resulting from the sale of eleven parcels of improved real estate in that year and such issue involves the subsidiary questions of fact, viz, (1) What was the fair market value of each of ten parcels of real estate acquired by petitioner on the death of her husband in May 1925, and the rate of depreciation on the improvements thereon from May 1925; and (2) What was the cost to petitioner of one parcel of real estate purchased in 1934, and the rate of depreciation on the improvements thereon from date of purchase. There is no controversy *276 as to the sale price of each parcel in 1943. Findings of Fact Petitioner is a citizen of the United States and a resident of the City of Little Rock, Arkansas. Her income tax returns for the years 1942 and 1943 were filed with the collector of internal revenue at Little Rock, Arkansas. Upon the death of her husband in May 1925, the petitioner, as the survivor of tenants by the entireties, acquired fee simple title to various parcels of real estate, including the ten parcels of improved real estate which were sold by her during the taxable year 1943. The ten parcels of real estate, or lots, so acquired in 1925 were located in two adjoining city blocks in the negro residential section of North Little Rock, Arkansas; they were near the railroad tracks and one block from a negro college and seven blocks north of the industrial and business area of that city. The streets on which the lots fronted have never been paved and no sidewalks have ever been laid. Sometime subsequent to 1925, East 9th Street, which is immediately north of the lots, was paved. The general conditions and facilities existing in that negro residential section remained about the same during the period from 1925 *277 to 1943, inclusive, except as to the sewerage facilities hereinafter mentioned. The ten lots in North Little Rock were about 25 feet wide and 140 feet deep with a 16 foot alley in the rear. Each lot was improved with a similarly constructed three room frame house originally built in about 1900, and from that time to and including 1943, continuously rented to colored people. The houses were so-called "box" construction, consisting of pine joists and flooring resting on brick piers, no studding, rafters and ceiling supported by one-inch thick walls of 10 or 12 inch width boards nailed in upright position and covered with a batting on the outside, windows and doors, and from 1925 to 1940 a pine shingle roof. The houses had no heating system and no inside plumbing. In 1925 each of the houses had dry toilet facilities at the back of the lot, but after installation of a sewer line sometime around 1926 petitioner erected water closets, located on the alley and only one for each two houses, except that one house at 805 Vine Street was provided with individual toilet and water facilities. The closets were each of frame construction 4 feet by 12 feet and for each one toilet sewer and water *278 lines costing approximately $90 were installed. During 1941 and 1942 the pine shingle roofs on the houses were replaced with corrugated galvanized metal. From 1925 to 1943 each of the ten houses was maintained in fair rental condition. From time to time throughout the years various repairs and replacements were made to the roofs, floors, window frames and doors, and during the ten year period, 1933 to 1943, such repairs and replacements cost a total of approximately $4,000. The repairs and replacements made during the years 1925 to 1943, inclusive, reduced, but did not entirely offset normal depreciation. During the depression in the 1930's the houses each rented for $7 per month and from 1940 to 1943 they each rented for $9 per month. As to each of the ten North Little Rock lots the location by street address, the sale price in 1943, the basis, i.e., the May 1925 fair market value of land and improvements, separately, and the rate of depreciation per annum actually sustained for each year from May 1925 to 1943, inclusive, are as follows: Basis - 1925
Rate of
Location
Sale Price
Land
Improvements
Depreciation
613 E. 8th St.
$ 800 $250 $600
1 1/2%
801 Pine St.
800
250
600
1 1/2%
803 Pine St.
800
250
600
1 1/2%
805 Vine St.
1,000
250
540
1 1/2%
811 Vine St.
750
250
540
1 1/2%
813 Vine St.
750
250
540
1 1/2%
815 Vine St.
750
250
540
1 1/2%
817 Vine St.
750
250
540
1 1/2%
819 Vine St.
725
250
540
1 1/2%
821 Vine St.
750
250
540
1 1/2%
*279 On June 19, 1934, petitioner acquired a parcel of real estate located at 1711 West Eleventh Street, Little Rock, Arkansas, in a good white residential section, and with improvements thereon consisting of a four room house. Such property, together with another parcel of improved realty not involved herein, was acquired from the Peoples Building and Loan Association, Little Rock, Arkansas, in exchange for settlement of its indebtedness to petitioner in the total amount of $5,500, of which approximately two-thirds, or $3,700, represented the cost to petitioner of the property in question. At the time of such acquisition by petitioner in June 1934 the property in question had a total fair market value of $3,000, with the land valued at $800, and the improvements valued at $2,200, but no loss was claimed by petitioner on her 1934 tax return on account of such transaction. The cost basis to petitioner of the 1711 West Eleventh Street property in June 1934 was $987 for the land and $2,713 for the improvements thereon. During 1942 petitioner made a capital improvement on that property by adding an upstairs 12 feet by 19 feet glassed in sleeping porch at a cost of $900. During each year from *280 June 1934 to 1943, inclusive, the improvements on that property actually sustained depreciation at the rate of two per cent per annum. In 1943 petitioner sold the 1711 West Eleventh Street property for $3,800. Opinion The issues herein, being questions of fact, are concluded by our above findings of fact. The parties are agreed and the case has been tried on the basis that, for the purposes of this proceeding, the petitioner's basis for determining capital gain or loss on the ten North Little Rock properties shall be the fair market value thereof in May 1925, and we here find the fair market value of each of these lots as set out in the tabulation in our findings of fact. While petitioner contends that no depreciation has been claimed or allowed on the properties in question for the years prior to 1943, there is no proof in that respect. We have found that approximately $4,000 was expended from 1933 to 1943 for repairs and replacements on the houses located on the ten North Little Rock properties. Inasmuch as it is shown that all the houses on those properties were reroofed it is evident that a substantial proportion of the $4,000 was expended for replacements. To the extent *281 that the expenditure did represent replacements, the petitioner would, under strict accounting practices, be entitled to an increase in basis, if the cost of the replacements were shown, - but the cost is not shown. However, petitioner's method of keeping the houses in a fair rental condition through replacements and repairs served to give a substantial extention to the normal life of such houses, since that method reduced but did not entirely offset normal depreciation; and in view of the properties being so handled the record shows that the rate of depreciation of one and one-half per cent per annum is just and proper. The capital gain or loss realized by petitioner on the sale of the ten North Little Rock lots shall be recomputed on the basis of the sale price, the 1925 basis for the land and for the improvements, and the rate of depreciation on the improvements as shown in the schedule in our findings of fact with respect to these properties. The capital gain or loss sustained on the 1711 West Eleventh Street property shall be recomputed on a cost basis, in June 1934, of $987 for the land and $2,713 for the improvements, plus the cost of $900 for additional permanent improvements *282 to the building in 1942, and depreciation at the rate of two per cent per year. Decision will be entered under Rule 50. Footnotes
*. As supplemented by Tax Court, June 3, 1947.↩